IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

      Plaintiff,

vs.                                                       No. CV 21-01049 JB/KBM

ADULT PROBATION AND PAROLE
DIVISION REGION II,

      Defendant.

## ORDER TO CURE DEFICIENCIES

THIS MATTER is before the Court on the pro se Claim for Damages, Injury, or Death filed by Myrtis Paulo Hart. (Doc. 1). The Court determines that the pro se filing is deficient because it is not in proper form, and Plaintiff has not paid the $402 filing fee or filed an Application to Proceed in the District Court Without Prepaying Fees and Costs in proper form.

Plaintiff is a prisoner incarcerated at the Curry County Adult Detention Center and is proceeding pro se. (Doc. 1). Plaintiff's filing consists of a federal tort claims form making vague allegations about "personal mental injury" and damage to a cell phone by unidentified individuals or entities. (Doc. 1 at -21). He names, as a federal agency, the New Mexico state Adult Probation and Parole Division. (Doc. 1 at 1). He lists his date of birth as 10/10/21 and seeks $50,000 in property damage. (Doc. 1 at 1-2). Although he does not expressly allege violation of any constitutional right, Plaintiff's filing may possibly be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. A civil rights complaint under 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983).

The filing is not in proper form to assert civil rights claims and is not signed under penalty of perjury as required by Fed. R. Civ. P. 11(a). In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has not paid the $402.00 filing fee or submitted an application to proceed under § 1915 in proper form. He did submit a hand-written Motion to File Under Forma Pauperis (Doc. 2). However, the document does not contain the affidavit, financial information, or inmate account statement required by § 1915(a).

Plaintiff must cure the deficiencies if he wishes to pursue his claims. The deficiencies must be cured within thirty (30) days of entry of this Order. Plaintiff must include the civil action number, CV 21-01049 JB/KBM on all papers he files in this proceeding. If Plaintiff fails to cure the deficiencies within thirty (30) days, the Court may dismiss this proceeding without further notice.

**IS ORDERED** that, within thirty (30) days of entry of this Order, Plaintiff Myrtis Paulo Hart cure the deficiencies by (1) paying the $402 filing fee or submitting an Application to Proceed in the District Court Without Prepaying Fees and Costs (including the required 6-month inmate account statement) and (2) filing a prisoner civil rights complaint in proper form.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, (1) two copies of an Application to Proceed in the District Court without Prepaying Fees and Costs under 28 U.S.C. § 1915, with instructions, and (2) a form prisoner civil rights complaint under 42 U.S.C. § 1983, with instructions.

_____
UNITED STATES MAGISTRATE JUDGE